1  ALAN ADELMAN, ESQ.   BAR NO:  170860
   LAW OFFICES OF ALAN ADELMAN
2  240 Stockton Street, 4th Floor
   Union Square
3  San Francisco, California  94108
   Telephone:  (415) 956-1376
4  Facsimile:  (415) 358-4060

5  Attorney for Plaintiff
   DAVIN MONTOYA

6

7

8                 **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10

11  DAVIN MONTOYA,                          )    **CASE NUMBER:**
                                            )
12              Plaintiff,                  )    **COMPLAINT**
                                            )    **DEMAND FOR JURY TRIAL**
13  vs.                                     )
                                            )
14                                          )
                                            )
15  COMCAST CORPORATION,                    )
                                            )
16                                          )
                Defendant.                  )
17  _____ )

18          Plaintiff DAVIN MONTOYA ("Plaintiff") alleges as follows:

19              **JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

20          1.      The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28

21  U.S.C. § 1343, as an action arising under the laws of the United States; under the provisions of the Americans

22  with Disabilities Act, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008

23  ("ADAAA").   The jurisdiction of this Court is also invoked under the provisions of 28 U.S.C. § 1332 and

24  28 U.S.C. § 1441 and 1446, as the parties are citizens of different states and the amount in controversy

25  exceeds $75,000. This court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C.

26  §1367(a).

2.      Pursuant to Civil L.R. 3-2(e), this case should be assigned to the San Jose Division, as this case arises in Santa Clara County, California.

**PARTIES**

3.      Plaintiff is a natural person residing in Santa Clara County, California.  At all relevant times, Plaintiff was employed by COMCAST CORPORATION ("Defendant") in Santa Clara County, California.

4.      Plaintiff is informed and believes, and on that basis alleges, that at all times stated herein, Defendant is and was a Pennsylvania corporation which has engaged in business within the County of Santa Clara, State of California.

**ADMINISTRATIVE EXHAUSTION**

5.      On April 8, 2015, Plaintiff caused to be delivered via U.S. mail for filing with the United States Equal Employment Opportunity Commission ("EEOC") a Charge alleging that Defendant discriminated against Plaintiff on the basis of disability; failed to engage in the interactive process; failed to provide Plaintiff reasonable accommodation and retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's physical disability and need for accommodation.  Plaintiff's Charge  was dual-filed through the EEOC with the California Department of Fair Employment and Housing ("DFEH").

6.      On or about April 24, 2015, the EEOC delivered via U.S. mail both DFEH and EEOC Notices of Right-to-Sue in association with Plaintiff's aforementioned dual-filed DFEH and EEOC Charge.

7.      All administrative exhaustion requirements have been timely fulfilled as to Defendant and as to each cause of action.

**GENERAL ALLEGATIONS**

8.      On or about January 4, 1999, Plaintiff began working for Defendant in the position of Cable Installer.

9.      Over the course of Plaintiff's employment, Plaintiff earned multiple pay raises.

10.     Plaintiff's performance consistently met or exceeded Defendant's expectations throughout Plaintiff's approximately sixteen year employment with Defendant.

COMPLAINT; DEMAND FOR JURY TRIAL

11.    As of February 12, 2014, Plaintiff commenced a disability leave due to a serious injury to Plaintiff's left shoulder Rotator Cuff.

12.    Plaintiff's injury initially arose in approximately August of 2012, when Plaintiff heard his shoulder pop when he was pulling a ladder off a van at work.

13.    Plaintiff promptly reported his serious injury to his Supervisor.

14.    Plaintiff continued to work with varying degrees of pain from approximately August 2012 through February 11, 2014.   During that time period, Plaintiff needed intermittent FMLA leave of approximately 2-3 days leave per month.

15.    Plaintiff's left Rotator Cuff injury substantially limited Plaintiff's ability to engage in a range of activities demanding the use of his left shoulder.

16.    As applied to Plaintiff's position, Plaintiff's limitations included such activities as climbing ladders and performing tasks involved in completing installations.

17.    From February 12, 2014 through January 21, 2015, the date of Plaintiff's termination, Plaintiff's physical limitations and disability status were such that Defendant did not allow Plaintiff to return to work and did not offer any accommodations (other than continuing disability leave) which would have enabled Plaintiff to return to work.

18.    Due to the severity of Plaintiff's shoulder condition, Plaintiff have been substantially limited in Plaintiff's ability to engage in several major life activities requiring the use of Plaintiff's left shoulder from August 2012 to the present.

19.    Due to the chronic nature of Plaintiff's shoulder condition, Plaintiff has sought medical treatment on an ongoing basis from approximately August 2012 to the present.

20.    As of August 2012, Plaintiff promptly advised Defendant of Plaintiff's shoulder disability and need for accommodation.

21.    The symptoms of Plaintiff's shoulder condition were such that on some days, the symptoms were so disabling that Plaintiff was completely unable to work.   On other days, Plaintiff was able to work.

Accordingly, Plaintiff requested the accommodation of being provided medical leave on those days

that Plaintiff was not physically able to work.

22.     On or about February 12, 2014, due to the severity of Plaintiff's continuing limitations and symptoms, Plaintiff presented Plaintiff's manager with a doctor's note which reflected that Plaintiff needed certain specified accommodations.

23.     Upon receiving Plaintiff's request for accommodation, Plaintiff's manager advised Plaintiff that Plaintiff could not work because Defendant had no "light duty" available for Plaintiff.

24.     On or about February 12, 2014, because Defendant denied Plaintiff's request for accommodation which would have enabled Plaintiff to continue working, Plaintiff was forced to submit to a disability leave.

25.     Sometime during the ensuing weeks, in light of Plaintiff's concerns regarding Defendant refusing to accommodate Plaintiff's physical restrictions, Plaintiff initiated a visit with  Defendant's Human Resources Representative Jose Hinojosa to inquire as to whether Plaintiff could return to work with accommodation.

26.     In that meeting, Mr. Hinojosa advised Plaintiff that he could not return to work with any accommodations, as modified duty and accommodation was not available for injured employees who were not on workers' compensation.

27.     Throughout the duration of Plaintiff's disability leave, Defendant refused to allow Plaintiff to return to either Plaintiff's position or another vacant position with any work restrictions and with any accommodation.

28.     When Plaintiff spoke with Defendant's Human Resources personnel regarding the status of Plaintiff's disability and Plaintiff's entitlement to return to work, Defendant's Human Resources Representatives advised Plaintiff that Plaintiff would need a complete medical release to return to work without restrictions in order for Defendant to authorize Plaintiff to return to work.

29.     Although the boilerplate Certification forms Defendant issued included a section referencing the accommodations requested, Defendant never offered to provide the accommodations which Plaintiff's physician set forth, other than continuing disability leave.

30. In fact, Plaintiff was always advised in his direct communications with his prior managers, and in his communications with Defendant's Human Resources Representatives, that Defendant would not authorize Plaintiff to return to work without a complete release without restriction.

31. Defendant never advised Plaintiff that Defendant would even consider accommodating Plaintiff through the transfer to another vacant position.

32. Defendant never provided Plaintiff any information regarding other vacant positions into which Plaintiff may transfer.

33. Defendant never offered to accommodate Plaintiff so as to enable Plaintiff to return to his position.

34. During the entire year leading up to Defendant terminating Plaintiff's employment, Plaintiff was able to perform the essential functions of either Plaintiff's position, or several other positions which may have been vacant, with the reasonable accommodation of either a finite disability leave when Plaintiff was recovering from surgery, or other accommodations which would enable Plaintiff to work when not recovering from surgery.

35. Specifically, Plaintiff could have performed a wide variety of the "light duty" administrative positions which Defendant regularly offered to its injured employees who were on workers' compensation.

36. Plaintiff is also aware of several opportunities for which Plaintiff was qualified which Plaintiff observed to be provided in Defendant's Dispatch Department.

37. On January 21, 2015, Defendant terminated Plaintiff's employment for the stated reason that, "[i]t appears that (Plaintiff's) need for leave is ongoing and indefinite and that there are no reasonable accommodations that would enable (Plaintiff) to return to work. Therefore, (Defendant is) administratively separating you from employment effective January 21, 2015."

38. However, in lieu of terminating Plaintiff, Defendant could have provided Plaintiff the finite additional medical leave which Plaintiff requested, or a transfer to a vacant position for which Plaintiff was qualified, without suffering undue hardship.

39. Other alternative reasonable accommodations may also have been available, but Defendant

terminated Plaintiff without engaging in any effort to identify potential additional accommodations.

40.     Defendant's January 21, 2015 termination letter represents that on July 15, 2014, Defendant received a completed Certification from Plaintiff's physician that recommended "keeping (Plaintiff) out of work for 'several months'."  However, that is not what the Certification reflected.

41.     The medical Certification which Plaintiff submitted to Defendant reflected that Plaintiff  was able to perform the essential functions of his position, or another position, if Defendant provided Plaintiff the temporary accommodation of not doing installation work and allowing Plaintiff to perform duties which involved paper work or which were desk job related.

42.     The primary task which Plaintiff's physician indicated to pose a health threat at that time was climbing ladders or poles, as that could result in a fall.

43.     Defendant's January 21, 2015 termination letter further represents that Defendant's Human Resources Representative contacted Plaintiff to discuss his disability leave and need for accommodation on July 15 and 16, 2014; September 16, 2014; and December 1, 5 and 30, 2014.

44.     However, Defendant's Human Resources Representative did not contact Plaintiff on July 15 and 16, 2014; September 16, 2014; and December 1, 5 and 30, 2014.

45.     A review of Plaintiff's phone records reflects that the only incoming call that Plaintiff received from Defendant's 215 area code from July 15, 2014 to the present was on July 30, 2014.

46.     On not one of the dates which Defendant represents that it called Plaintiff does Plaintiff's phone records reflect any inbound calls from Defendant's Pennsylvania area code being placed.

47.     The only possible exception is a less than one minute call (which resulted in no message being left) that the records reflect somebody placed to Plaintiff on December 1, 2014 from some type of support center operated by Defendant.

48.     Defendant's Human Resources personnel did not speak with Plaintiff, or leave Plaintiff any telephone messages, on any of the dates stated in Defendant's termination letter.

49.     No legitimate business reason existed for Defendant to terminate Plaintiff's employment.

50.     Defendant would not have suffered undue hardship to have provided Plaintiff the reasonable

accommodation that Plaintiff needed in order to perform the essential functions of either Plaintiff's position or another vacant position.

51.     By terminating Plaintiff's employment, Defendant was refusing to reasonably accommodate Plaintiff's disability.

52.     Defendant refused to engage in the interactive process in good faith to determine the extent to which Plaintiff could perform the essential functions of Plaintiff's job, or another vacant job, with or without reasonable accommodation.

53.     Defendant terminated Plaintiff's employment due to Plaintiff's disability status and due to Plaintiff's need for accommodation for Plaintiff's disability status.

**FIRST CAUSE OF ACTION**
**(DISCRIMINATION ON THE BASIS OF DISABILITY IN**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**AS AMENDED BY THE ADA AMENDMENTS ACT 0F 2008**)

54.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

55.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

56.     Defendant is a "covered entity" pursuant to 42 USC §12111(2); 29 CFR §1630.2(b).

57.     Plaintiff was an "individual with a disability" pursuant to 42 U.S.C. §12102(1); 29 CFR §1630.2.  More specifically, Plaintiff suffered from a physical disability that substantially limited one or more of Plaintiff's major life activities, Plaintiff had a record of having such a disability, and Plaintiff was regarded by Defendant as having such a disability.

58.     At all relevant times, Plaintiff was a "qualified individual with a disability" pursuant to 42 U.S.C. §12112(a); 29 CFR §1630.2(m).  More specifically, Plaintiff was an individual with a disability who, either with or without reasonable accommodation, could perform the essential functions of Plaintiff's former position with Defendant and/or another vacant position.

59.     Defendant's refusal to offer to Plaintiff reasonable accommodation which would allow Plaintiff to perform the essential functions of Plaintiff's position, or another vacant position, as alleged more

particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112(b)(5)(A); 29 CFR §1630.9.

60.     Defendant's conduct in terminating Plaintiff's employment because of Plaintiff's disability, as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112; 29 CFR §1630.4(b).

61.     As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

62.     As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for emotional distress, humiliation, pain and suffering and loss of enjoyment of life.

63.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

64.     As a result of Defendant's discriminatory conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and expert witness fees pursuant to 42 U.S.C.§ 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(k).

WHEREFORE Plaintiff prays for judgment as set forth below

**SECOND CAUSE OF ACTION**
**(DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF**
**THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

65.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

66.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

67.     Defendant was at all material times Plaintiff's Defendant within the meaning of California

COMPLAINT; DEMAND FOR JURY TRIAL

Government Code section 12926(d) and, as such, was barred from discriminating against Plaintiff in employment decisions and practices on the basis of Plaintiff's disability pursuant to California Government Code §12940(a).

68.     Plaintiff has been at all material times a qualified individual with a disability pursuant to California Government Code §12926, as Plaintiff was an individual with disabilities who could perform the essential functions of Plaintiff's position, or another vacant position, with or without reasonable accommodation.

69.     Defendant discriminated against Plaintiff because of Plaintiff's disability by refusing to provide Plaintiff reasonable accommodation for Plaintiff's known disability and by terminating Plaintiff's employment because of Plaintiff's disability, Defendant's perception of Plaintiff as being a person with a disability, and because of Plaintiff's request for accommodation, all in violation of §12940(a).

70.     As a direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement opportunities, both past and future.

71.     As a further direct and proximate result of Defendant's discrimination against Plaintiff because of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

72.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

73.     As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (FAILURE TO PROVIDE REASONABLE
### ACCOMMODATION ON THE BASIS OF DISABILITY IN VIOLATION OF
### THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

74.    Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

75.    Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

76.    Defendant failed and refused to provide Plaintiff reasonable accommodation for Plaintiff's disability in violation of California Government Code §12940(j)(1).

77.    As a direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

78.    As a further direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

79.    Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

80.    As a result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS SO AS TO
IDENTIFY AND PROVIDE A REASONABLE ACCOMMODATION FOR A DISABILITY
IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

81.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

82.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

83.     Defendant failed and refused to engage in good faith in an interactive, fact-gathering process with Plaintiff to ascertain the scope, nature and extent of Plaintiff's need for reasonable accommodation in violation of California Government Code §12940(n).

84.     As a direct and proximate result of Defendant's failure and refusal to engage in the interactive process, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

85.     As a further direct and proximate result of Defendant's failure and refusal to engage in the interactive process, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

86.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

87.     As a result of Defendant's failure and refusal to engage in the interactive process, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FIFTH CAUSE OF ACTION**
**(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**

88.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as

COMPLAINT; DEMAND FOR JURY TRIAL

11

if fully set forth herein.

89.     The wrongful termination of Plaintiff's employment was in violation of the public policies of the State of California and the United States of America in that Plaintiff was discriminated against, retaliated against and, ultimately, terminated due to Plaintiff's disability and need for medical leave and other accommodation, in violation of the ADAAA, the FEHA, the CFRA and the FMLA.

90.     As a result of the wrongful termination of Plaintiff's employment in violation of the ADAA, the FEHA, the CFRA and the FMLA, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

91.     As a proximate result of Defendant's retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, emotional distress and pain and suffering all to Plaintiff's damage in an amount according to proof at trial.

92.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

WHEREFORE Plaintiff prays for judgment as set forth below.

WHEREFORE, Plaintiff requests judgment in Plaintiff's favor and against Defendant for all causes of action as follows:

1.     For past and future economic damages including, but not limited to, lost past and future wages and benefits and earning capacity, and for interest thereon;

2.     For past and future non-economic damages including, but not limited to, past and future mental and emotional distress, pain and suffering and other general damages suffered by Plaintiff, according to proof at trial;

3.     For punitive damages;

4.     For injunctive relief in the form of a Court Order mandating the reinstatement of Plaintiff's

1    employment;

2        5.      For reasonable attorney's fees incurred by Plaintiff herein;

3        6.      For costs of suit incurred herein; and

4        7.      For such other and further relief as this Court considers just and proper.

5    DATED:   May 5, 2015                      LAW OFFICES OF ALAN ADELMAN

6                                       By:    /s/ Alan Adelman_____
7                                              ALAN ADELMAN
                                               Attorney for Plaintiff
8                                              DAVIN MONTOYA

9

10                               **JURY TRIAL DEMAND**

11       Plaintiff requests a jury trial on all questions of fact raised by this complaint.

12   Dated:   May 5, 2015                       LAW OFFICES OF ALAN ADELMAN

13                                      By:    /s/ Alan Adelman_____
14                                             ALAN ADELMAN
                                               Attorney for Plaintiff
15                                             DAVIN MONTOYA

16

17

18

19

20

21

22

23

24

25

26

**COMPLAINT; DEMAND FOR JURY TRIAL**                    13